Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Nathan S. Seim (Utah State Bar No. 12654)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
           thomson.michael@dorsey.com
           seim.nathan@dorsey.com

*Proposed Attorneys for Peggy Hunt, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>VISAY H. POLSON,<br><br>Debtor. | Bankr. Case No. 13-21705<br><br>Chapter 7<br><br>The Honorable Joel T. Marker<br><br>**[FILED ELECTRONICALLY]** |

**TRUSTEE'S MOTION TO APPROVE SALE OF VEHICLE TO
DEBTOR SUBJECT TO ALL INTERESTS PURSUANT TO 11 U.S.C. § 363
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004
<u>WITH SALE BEING SUBJECT TO HIGHER AND BETTER OFFERS</u>**

**Objection and Competing Bid Deadline: May 8, 2013
Reserved Hearing Date:  May 15, 2013, at 10:30 a.m. (Mountain Time)**

Peggy Hunt, Chapter 7 Trustee, by and through undersigned counsel, moves this Court for an Order granting this *Motion to Approve Sale of Vehicle to Debtor Subject to All Interests Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 6004 With Sale Being Subject to Higher and Better Offers* ("<u>Motion</u>").  In support hereof, the Trustee states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On February 25, 2013, Visay H. Poulson (the "Debtor") filed a petition seeking relief under Chapter 13 of the Bankruptcy Code.

4. The Schedules filed by the Debtor disclose that the Debtor has an interest in a 1999 Lexus (the "Vehicle").

5. Upon information and belief, the Debtor is in possession of the Vehicle.

6. Upon information and belief, and based on the Schedules filed by the Debtor, there are no liens against the Vehicle that are not listed on the Debtor's Schedule D.

## PROPOSED SALE AND REQUEST FOR RELIEF

7. The Trustee has conducted an investigation and determined the value of the Vehicle. Based thereon, the Trustee has concluded that the Vehicle has total equity of approximately $1,800 after deducting (a) the amount of debt associated with valid liens, if any, against the Vehicle; (b) the Debtor's claimed and allowed exemptions related to the Vehicle; and (c) potential costs of sale.

8. The Debtor has offered to purchase the Vehicle from the bankruptcy estate for $1,800.

9. The sale proposed herein is as is, where is, and without warranty, and is subject to all interests that exist against the Vehicle.

10. The Debtor will pay $260 per month to the Trustee until the balance is paid in full. The Trustee will hold said funds in the estate's trust account pending Court approval. The Trustee has accepted the Debtor's offer, subject to higher and better offers and Court approval.

11. This Motion is made pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004. To the extent required, this Motion is the statement of sale required under Rule 6004(f)(1).

12. The proposed sale herein is in accordance with all applicable law. Specifically, a sound business reason exists for the sale, there has been adequate and reasonable notice of the Motion to interested parties as required under Federal Rule of Bankruptcy Procedure 2002 and 6004, the sales price is fair and reasonable, and the proposed buyer is proceeding in good faith. *See, e.g., In re Med. Software Solutions*, 286 B.R. 431, 439-40 (Bankr. D. Utah 2002).

13. It is the Trustee's business judgment that acceptance of the Debtor's offer is in the best interests of creditors and of the estate because it maximizes the value of the Vehicle for the benefit of the estate by, among other things, eliminating the costs associated with marketing and selling the Vehicle and the risks inherent in the sale of the Vehicle by either public or private sale.

14. To the extent that any higher and better offers are received by the Trustee in writing prior to the deadline to file objections to this Motion and to submit competing bids set forth above, the Trustee will request that such higher and better offer be approved at the hearing on the Motion.

**WHEREFORE**, the Trustee requests that the Court approve the sale of the Vehicle to the Debtor based upon the terms and conditions contained in this Motion.

DATED this 17th day of April, 2013.

**DORSEY & WHITNEY**

/s/ Peggy Hunt
Peggy Hunt
*Proposed Attorneys for Chapter 7 Trustee*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2013, I electronically filed the foregoing **TRUSTEE'S MOTION TO APPROVE SALE OF VEHICLE TO DEBTOR SUBJECT TO ALL INTERESTS PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004 WITH SALE BEING SUBJECT TO HIGHER AND BETTER OFFERS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Brandon L. Baker    bbakerlaw@hotmail.com, bbakerlaw-kl@hotmail.com
- Mary M. Hunt tr    hunttrustee@7trustee.net, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

*/s/ Moana DiFrancesco*

5